424 So.2d 1216 (1982)
Rebecca Ann MARTIN
v.
COTTON'S PEST AID CONTROL OF BATON ROUGE, INC.
No. 82 CA 0351.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rebecca Ann Martin, pro se.
William T. Adcock, Baton Rouge, for appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
This case arises from an incident in which a television set owned by Rebecca Ann Martin *1217 (plaintiff) was taken from her apartment. Plaintiff filed suit alleging that Cotton's Pest Aid Control of Baton Rouge, Inc. (defendant) was responsible for the loss of her television set. The trial court found that the loss suffered by plaintiff was caused by the negligence of an employee of defendant and awarded her $450.00.
On October 27, 1981, employees of defendant were assigned to spray the Westminster Club Apartments. Defendant maintained a contract with the owner of these apartments for pest control services. Plaintiff was the lessee of apartment No. 812. Upon returning home from work, she discovered that her apartment door was unlocked. After entering her apartment, she saw a card on the floor which indicated that her apartment had been serviced by defendant. She also found that her 19-inch color television set was missing. Plaintiff telephoned the apartment manager and learned that no maintenance work had been done on her apartment that day. She then called the police.
Defendant says that the trial judge erroneously (1) found that the negligence of an employee of defendant was the proximate cause of the loss of the television set, (2) found that plaintiff proved her damages, and (3) assisted the plaintiff in the prosecution of the action.
Before defendant can be adjudicated guilty of actionable negligence, a determination must be made that defendant's conduct is a cause-in-fact of plaintiff's harm. In addition, said conduct must constitute a breach of a legal duty imposed to protect the plaintiff against the particular risk of harm. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
Plaintiff testified that she always locked her door when she left. In addition, Matthew Ross, III, and Charles Edwin Heard, Jr., employees of defendant who serviced the apartments on the day in question, testified that they would not have entered if the door had been unlocked. However, the evidence reveals that an employee of defendant did enter the apartment because a card was left, signifying that pesticide services were performed. Cheryl Gleaton, the apartment manager, testified that no maintenance work was done on the day of the theft. She also testified that the master keys did not work so she gave individual door keys to maintenance people as needed. She verified that her key control sheet showed that no keys had been checked out to her maintenance people for plaintiff's apartment on the day in question. Ross testified that the apartments all had dead bolt locks. When plaintiff returned, the window was locked, and there was no evidence of forced entry. The trial judge found that the door was left unlocked after the apartment was serviced by defendant's employees. This conclusion is not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The failure of defendant's employee to lock the apartment upon leaving was a substantial factor in the theft of the television set.
In failing to lock the door, defendant's employee breached the legal duty to act in such a manner that an unreasonable risk of harm is not created. The risk of theft is the very risk that is contemplated by the legal duty to lock the door. The trial judge correctly found that the loss suffered by plaintiff was occasioned by the negligence of defendant's employee.[1] Plaintiff has established actionable negligence on the part of defendant.[2]
*1218 The burden of proof is on plaintiff to establish by competent evidence the extent of her damages. Cloney v. Travelers Insurance Company, 253 So.2d 83 (La.App. 1st Cir.1971), writ refused, 253 So.2d 212 (La.1971). The only evidence presented by plaintiff to support the amount of her loss was the testimony of her mother, Mrs. Bruce Martin. Plaintiff's mother testified that she and her husband had purchased the television set several years ago for $450.00. No evidence was introduced to indicate the actual value of the set immediately prior to the theft. Nevertheless, the trial judge awarded plaintiff $450.00. He stated:
"I think the Court would much rather have had more evidence in that regard but that's the only evidence I've got before me and I have no reason to doubt the veracity and truthfulness of Mrs. Martin, Mrs. Bruce Martin, insofar as how much the t.v. cost them and how much it would cost to rectify the loss that's been occasioned by Ms. Martin."
Apparently, the trial judge treated this claim as one under the Small Claims Act, La.R.S. 13:5200-5211. The Small Claims Act provides that:
"The technical rules of evidence are relaxed, and all relevant evidence is admissible, including hearsay, provided the judge satisfies himself of its general reliability; and further provided that the judgment is founded upon competent evidence."
La.R.S. 13:5203
The purpose of the Act is:
"... to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner; and generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims."
La.R.S. 13:5200
However, this suit does not fall within the purview of the Small Claims Act because the defendant was not served with a citation which gave it notice that the suit would be governed by the provisions of said act. La.R.S. 13:5204. Thus, the relaxed rules of evidence and procedure were not applicable.
Plaintiff, a choir teacher, was not represented by an attorney, but rather attempted to litigate this matter by herself. She attempted to obtain justice, but did not know the subtleties of the law. Although plaintiff failed to prove her damages, the interest of justice requires that we remand this case so that she can adequately prove the extent of her damages.
Although we note that the trial judge told plaintiff that she needed to call a witness to prove quantum and questioned plaintiff's mother, we feel that his actions were innocuous.
"The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."
La.C.C.P. art. 1631
The extent to which a trial judge may appropriately and reasonably interrogate witnesses is largely in the sound and unabused discretion of the trial judge. Patin v. DeStevens, 415 So.2d 1011 (La.App. 4th Cir. 1982), citing Texas Pacific-Missouri Pacific Term R. v. Welsh, 179 F.2d 880 (5th Cir. 1950). In the instant case, the interrogation of the witness was necessary to the administration of justice in developing the truth.
We affirm the judgment of the trial court insofar as it found defendant liable for the loss of plaintiff's television set. However, we remand the case for the sole purpose of allowing plaintiff ample opportunity to produce competent evidence as to the value of the television set. Although plaintiff has asked for additional damages on appeal, such damages cannot be awarded, because plaintiff failed to either file an *1219 independent appeal or timely answer the appeal. (La.C.C.P. art. 2133).[3]
Costs of this appeal are taxed to appellant.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Defendant asserts that the alleged negligent failure to lock the door can not be the legal cause of the loss, due to the fact that the intervening criminal act of the thief broke the causal chain. In some instances, an intervening criminal actor can cut off the causal chain. If said actor's conduct is viewed as a superceding cause, the initial defendant is relieved of liability. In this case, however, the theft is merely an intervening cause and not a superceding cause. Defendant remains liable because the duty breached (the failure to lock the door) extends to the very risk suffered by plaintiff (theft). In Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048 (La.1982), the Louisiana Supreme Court held a negligent innkeeper liable for the loss occasioned by armed robbers.
[2] The allegations of plaintiff's petition imply that an employee of defendant may have stolen the television. However, plaintiff did not prove that one of defendant's employees committed the theft. The trial judge stated that he was not concerned with the question of whether defendant's employee actually stole the television. He only addressed the issue of whether or not the negligence of defendant caused the loss. We agree.
[3] La.C.C.P. art. 2133 provides in part, "An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later."