788 So.2d 676 (2001)
Patricia Leblanc ANDERSON
v.
Rodney Dale ANDERSON.
No. 01-CA-53.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
*677 Tera Sims Hotard, LaPlace, LA, Attorney for Defendant/Appellant.
Timothy S. Marcel, Luling, LA, Attorney for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
GOTHARD, Judge.
This is an appeal from a judgment of custody. The parties were divorced on December 8, 1994. They entered into a consent judgment of custody for their minor child, Nathan, on September 4, 1996 which established joint custody and provided that the parties would alternate primary custody every six months with provisions for visitation with the non-custodial parent.[1] The custody agreement was changed by stipulation of the parties on January 10, 1997. The agreement was again modified by consent judgment on March 29, 1999. In all of the consent agreements the parties shared primary, domiciliary custody of the child for alternating periods of time. The two most recent modifications provided that the parents have domiciliary custody in alternating years. On June 7, 2000 the mother (Ms. Stanley) filed a pro se motion to modify the custody agreement. In that correspondence she also notified the court that she had discharged her attorney. An amended motion to modify the agreement was filed by Ms. Stanley's new counsel on September 1, 2000. That motion alleged that a change of circumstances existed because Mr. Anderson had relocated from Paradis to LaPlace, which is in a different school district. The amended motion asserts that:
Under the custodial plan set forth by the Consent Judgment of March 29, *678 1999, the parties alternated domiciliary or custodial status every other year, and Rodney Dale Anderson exercised custody every Monday and Tuesday, Patricia Stanley exercises custody every Wednesday and Thursday, and custody or Fridays, Saturdays and Sunday is alternated between the parents. Consequently, the minor child is transferred from one home to another every two (2) to three (3) days.
The custodial plan of March 26, 1999 has resulted in confusion and instability for Nathan and it is in the best interest of the child that the custodial plan be modified in consideration of the change of circumstances.
The motion also asserted that the child should remain in the same school district and in the same home environment during the school week. The motion requested that the parents be awarded joint custody, with Ms. Stanley designated as domiciliary parent. A proposed joint custody implementation plan was submitted by Ms. Stanley to accomplish those objectives.
An Interim Judgment was rendered on August 31, 2000 which designated Ms. Stanley as domiciliary parent and gave physical custody to the parents on a weekly alternating basis.[2] After a full hearing on October 26, 2000, the court rendered judgment awarding joint custody, with Ms. Stanley exercising custody of the child during the school year, subject to weekend and summer visitation rights awarded to Mr. Anderson. It is from that ruling that Mr. Anderson appeals.
At the hearing, the trial court considered testimony offered by both parents. Ms. Stanley testified that Nathan is eight years old and has always been in the same school. Until Mr. Anderson moved, he was living in Paradis and she was living in Bayou Gauche, a distance of about seven miles. Both towns are in the same school district. Under the custody plan implemented in March, 1999, Nathan was with his father on Monday and Tuesday, and alternating Fridays. According to the mother's testimony, that caused confusion in the child and made him uncertain as to who would be picking him up from school on any given day. Furthermore, the arrangement created problems with the child's homework since books and papers needed for school were occasionally left behind when the parents exchanged custody.
When Mr. Anderson moved to LaPlace the distance between the two parents' homes was increased by about twenty-five miles and the school districts were different. Ms. Stanley stated that because the move was made in the summer and Nathan was in summer camp, there was no problem with the custody arrangement initially. However, after the start of the new school term, Ms. Stanley asked Mr. Anderson if they could agree to a change which would allow the parties to have custody on alternating weeks to give Nathan some stability during the school session. Mr. Anderson refused, preferring to maintain the arrangement as set forth in the consent agreement.
Ms. Stanley stated that Nathan is doing well in the St. Charles Parish School System and she would like him to remain there. Under the consent decree the parties *679 had domiciliary custody every other year. Ms. Stanley voiced her concern that Nathan would be placed in a different school every year, which she did not believe would be in his best interest.
Mr. Anderson disputed Ms. Stanley's claim that her concern was for Nathan. Mr. Anderson testified that the concern expressed to him by Ms. Stanley was the additional travel time to which she would be subjected should the custody arrangement continue. Mr. Anderson also expressed his concern that if Ms. Stanley was given domiciliary status she would arbitrarily make decisions for the child in which Mr. Anderson would have no input. Mr. Anderson maintained that, because he is a school teacher he is better able to ensure that Nathan is progressing in school, and that can only be accomplished if he is allowed to see Nathan two to three days a week during the school year.
After hearing the evidence and the summations, the trial court ruled that Mr. Anderson's relocation to another parish constituted a change in circumstances. The trial court rendered a judgment which provided that the parents have joint custody. The judgment further designates Ms. Stanley as the domiciliary parent during the school year. Mr. Anderson was awarded visitation every other weekend and every Wednesday after school until Thursday morning to give Nathan continuity, and continued close and frequent contact with his father. The court also ruled that Mr. Anderson have domiciliary custody in the summer, with visitation awarded to Ms. Stanley. Provisions were also made for transportation, vacations and holidays.
On appeal Mr. Anderson asserts the trial court erred in finding that his relocation constituted a material change in circumstance. Further, Mr. Anderson argues the ruling on custody and visitation is not in the best interest of the child.
In every custody case, the primary concern is the best interest of the child. Each case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision which is in the best interest of the child. Remson v. Remson, 95-1951 (La.App. 1 Cir. 4/4/96), 672 So.2d 409; Zanco v. Zanco, 97-342 (La.App. 5 Cir. 11/12/97), 703 So.2d 745.
When the custody order is by consent of the parties, and not a considered judgment made by the trial judge, the party seeking the change must show a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. Haik v. Haik, 94-563 (La.App. 5 Cir. 12/14/94), 648 So.2d 1015; Zanco v. Zanco, supra; Plaisance v. Dept. of Social Services, 00-1038 (La.App. 5 Cir 12/27/00), 777 So.2d 630.
An intrastate move by one of the parents is not per se a sufficient criterion to establish a change of circumstance. Bercegeay v. Bercegeay, 96-0516 (La.App. 1 Cir. 2/14/97), 689 So.2d 674, 676. However, the distance between the parents inherently tends to prevent an equal sharing of physical custody where the child is of school age. Traditionally, our courts have been willing to award equal time with the child only when the parents live a short distance from one another and the child is not required to attend different schools. Swope v. Swope, 521 So.2d 656, 659 (La.App. 1 Cir.1988).
We find the ruling by the trial judge, that the father's relocation to a different parish twenty-five miles away and in a different school district constituted a material change in circumstances so as to re-visit the custody order, correct.
*680 The determination of what is in the best interest of the child is within the exclusive province of the trial court, and will not be disturbed absent an abuse of discretion. Zanco v. Zanco, supra. It is obvious from the record that Nathan is greatly loved and well cared for in both homes, making the decision difficult for the trial judge. It is clear from the reasons given by the trial court for the decision that it was carefully considered, and that the best interest of the child was paramount. In reaching the decision the trial court considered the facts that Nathan has lived in St. Charles Parish all of his life, and attends school there. The court found that it was in Nathan's best interest to remain in school in St. Charles Parish, rather than alternate between the St. Charles Parish and the St. John the Baptist School Systems in alternating years as the consent decree, had it been continued after the father's relocation, permitted. The court found that the child needed stability, especially during the school year. The trial court also considered the strong bond between father and son and granted visitation during the week as well as on weekends.
We believe the ruling of the trial court was firmly supported by evidence offered at trial and we find no abuse of discretion which would warrant a reversal of the judgment. Accordingly, we affirm the judgment.
AFFIRMED.
NOTES
[1] The agreement was reached by the parties, and read into the record on May 23, 1994. However, the agreement was not reduced to writing until September, 1996.
[2] Mr. Anderson filed a pro se pleading which appears to be a motion for appeal and a motion to recuse, as well as a request for change of venue. The court denied the motion for appeal, but granted the father fifteen days to file writs in this court. However, we have received no application for writs of review on the Interim Judgment. At the hearing the trial court denied the motion to recuse and/or change venue in open court at the October 26, 2000 hearing.