2CLARENCE E. McMANUS Judge.
Defendant filed this pro se appeal from the trial court’s judgment awarding joint custody to her and plaintiff. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Dexter Ainsworth, and defendant, Delorse Ainsworth, were married July 30, 2000. Their only child, a daughter named Jenney, was born prior to their *1208 marriage on March 17, 1998. In June 2002, Mr. Ainsworth filed a petition for divorce and for joint custody. In July 2002, Domestic Commissioner, Craig Cimo, appointed William Janzen, Ph. D. to evaluate the parties.[1] In November 2002, Mrs. Ainsworth filed a motion to restrict Mr. Ainsworth’s visitation schedule (alternating weekends and Wednesdays) alleging Mr. Ainsworth sexually abused Jenney. The motion asserted that Mr. Ainsworth allegedly “inserted one of his digits into the child’s rectum” while visiting with her on November 10, 2002. Attached to the motion was a copy of an emergency department discharge from | ¡¡Children’s Hospital. The discharge indicated that Jenney should see Dr. Scott Benton as soon as possible and not see her father until after that visit.[2] On November 20, 2002,[3] the trial court signed an ex-parte order terminating Mr. Ainsworth’s visitation. After the hearing, the trial judge vacated the ex-parte order finding the abuse allegations were not substantiated and reinstated Mr. Ainsworth’s visitation. Mrs. Ainsworth apparently did not appeal that judgment signed December 2, 2002.
The parties next appeared in court on January 22, 2003. A final judgment of divorce was entered at that time. The trial court also heard testimony regarding custody and visitation. After the hearing, the trial judge awarded joint custody to the parties with Mrs. Ainsworth designated as the domiciliary parent and ordered the parties to attend and complete the Voices for Children Program. The trial court adopted Mr. Ainsworth’s joint custody plan giving him alternating weekend visitation and setting forth a summer and holiday visitation schedule. The judgment was signed February 6, 2003.
Mrs. Ainsworth filed this pro se appeal.[4]

DISCUSSION

As a procedural matter we point out that Mrs. Ainsworth’s notice of appeal states that she desires to devolutively appeal the February 6, 2003 judgment. Thus, we limit our review of Mrs. Ains-worth’s appeal to the issues addressed in *1209 that judgment. First, the record before us supports the trial court’s decision to award | Joint custody of Jenney to Mr. and Mrs. Ainsworth. Second, the proposed visitation schedule making Mrs. Ainsworth the domiciliary parent and awarding Mr. Ains-worth alternating weekend visitation is not unreasonable in light of the best interests of the child. Mrs. Ainsworth had several opportunities to present conclusive evidence that Mr. Ainsworth sexually abused Jenney. The trial court made a factual determination that there was no such evidence. In fact, our review of the record convinces us that the evidence presented was inconclusive at best.
Factual determinations of the trier of fact may not be reversed absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a trial court’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust, 01-2217 (La.4/3/02), 816 So.2d 270. We do not find the trial court’s factual findings were manifestly erroneous in this case.
In every custody case, the primary concern is the best interest of the child. Each case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the child. Pizzolato v. Hihar, 02-53 (La.App. 5 Cir. 6/26/02), 822 So.2d 835. The determination of what is in the best interest of the child is within the exclusive province of the trial court, and will not be disturbed absent an abuse of discretion. Anderson v. Anderson, 01-53 (La.App. 5 Cir. 5/30/01), 788 So.2d 676. It is obvious from the record that Jenney is loved by both of her parents and 15that she enjoys being with both of them. In reaching its decision, the trial court considered the testimony of both parties in addition to Dr. Janzen’s report essentially recommending joint custody. The trial judge’s oral reasons indicate that he would have given custody of Jenney to both parents on an alternating weekly basis which would have given Mrs. Ainsworth less time with Jenney. Rather, the actual custody schedule is favorable to Mrs. Ainsworth. Thus, we cannot say the trial court abused its discretion in this case. We believe the ruling of the trial court was firmly supported by evidence offered at trial and we find no abuse of discretion which would warrant a reversal of the judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED

. Dr. Janzen submitted a report to the trial judge on January 17, 2003. The report indicated that Jenney did tell him her father abused her. However, he noted Jenney appeared comfortable and happy with both parents. He was unable to conclude she was sexually abused. He did not believe Mr. Ains-worth’s visitation should be restricted. He recommended Mr. Ainsworth have a minimal visitation schedule of overnight visits every other weekend.

. The record indicates that Mrs. Ainsworth has made numerous statements to various agencies alleging Jenney was sexually abused by her father. Mr. Ainsworth has routinely denied these allegations. In August and September 2002, OCS investigated Mrs. Ains-worth’s allegations and closed its file because it found insufficient evidence of abuse or neglect. OCS records show that Jenney did not report any incidences of abuse to the case worker and that Mrs. Ainsworth did not appear to be credible. Jenney was seen by Dr. Ellie Westman on November 25, 2002 and Dr. Scott Benton on February 26, 2003 of the Children's Hospital Children at Risk Evaluation Center ("CARE”). Both reports indicate that Jenney made no clear disclosure of sexual abuse. Her physical examinations were normal.

. Several days later a hearing took place. Mr. and Mrs. Ainsworth testified at the hearing. Mrs. Ainsworth recounted several instances of sexual abuse told to her by her daughter. She offered the child’s medical records from Children’s Hospital as support of these allegations. Mr. Ainsworth denied ever sexually abusing Jenney. He offered a copy of the OCS letter closing its investigation based on insufficient evidence of abuse or neglect.

. In all proceedings below, Mrs. Ainsworth was represented by various counsel.