(¡JAMES L. CANNELLA, Judge.
The Plaintiff, Penny Crowell Ledet, appeals from the trial court judgment awarding custody of the two minor children to their father, the Defendant, Evans C. Le-det. For the reasons which follow, we affirm.
This domestic dispute has been ■ ongoing for a long period of time,, and has been before this Court five times. It commenced on July 21, 2000, when the Plaintiff filed a Petition for Divorce, Sole Custody, Child Support, Spousal Support, Injunctions, Domestic Abuse Assistance, and For Possession and Use of Family Residence and Community Movables. The parties were married on December 1, 1987. Two children were born of this marriage, Amy, age 16, and Mark, age 9. The specific rulings and objections over the past five years are set out in detail in our last opinion rendered on October 8, 2003 and will not be repeated here except as they are pertinent to the ruling under consideration. Ledet v. Ledet, 03-0537 (La.App. 5th Cir.10/8/03), 865 So.2d 762.
IsUpon review by this Court, we find that we have, on several occasions, ordered the trial court to immediately conduct a hearing and render a decision on the allegations of sexual and physical abuse. As a result, the hearing was conducted and completed on October 22, 2003. Following that hearing, the trial court rendered judgment and expressly found that the Defendant was not a perpetrator of family violence or a sexual abuser. The trial court further found that the Plaintiff has acted violently toward her children on numerous occasions, has smoked marijuana in front of the children, abuses alcohol and smokes cigarettes in the presence of her son who is asthmatic. The trial court ultimately awarded custody of the children to the Defendant, with visitation provided for the Plaintiff. It is from this.judgment that the Plaintiff appeals.
On appeal, the Plaintiff presents four issues for review. First, she argues that the trial court erred in reaching a judgment in the case without the benefit of the completed report by the court appointed custody evaluator. . Julie Eringes, a licensed professional mental health counselor, was appointed by the trial court on August 12, 2003, to conduct an evaluation of the children. As of the trial date, she had not completed her evaluation but was called and did testify at the hearing. Although the Plaintiff argues that the trial court should not have rendered judgment without the complete report, she in no way explains what, if anything, was missing or what would have been discovered upon completion of the report. Rather, her argument is directed to her interpretation of the facts and conclusion that the trial court erred in finding her a perpetrator of violence, rather than her husband.
In the October 8, 2003 opinion rendered by this Court, the trial judge was ordered to conduct a hearing on the allegations of the Defendant’s violence, complete the hearing, render a custody determination and give reasons on the record, within 15 days of rendition of the opinion. This Court had concluded, in so Lruling, that the matter had lingered too long. Thus, the trial court, upon remand, was not in a position to wait for completion of the Eringes report. Eringes was called to testify and available for cross-examination. Moreover, the trial court expressly stated that she did not rely on the evaluations of the experts in reaching her decision, but rather she relied on the facts presented. Upon considering the facts and circum *989 stances of this case, we find no error in the action by the trial court in reaching a judgment without waiting for the completed report.
Next, the Plaintiff argues that the trial court erred in questioning the Plaintiffs mother, Catherine Crowell, on new matters that had not been raised by counsel and further by not allowing Plaintiffs counsel to cross examine Crowell thereafter.
Crowell was called by the Defendant. After direct examination, Plaintiffs counsel cross-examined Crowell. Thereafter, the trial court asked her a few questions. Plaintiffs counsel did not object to the trial court’s questions. Plaintiffs counsel did request the opportunity, after the trial court’s questioning, to further question Crowell, and the trial court refused the request.
Under Louisiana Code of Evidence Article 614, a judge may question witnesses. Generally, a judge, in order to maintain the impartiality which proper trial technique demands, should be very careful, not only as to the number and type of questions propounded by him to witnesses, but also as to the manner in which they are propounded. Texas Pacific-Missouri Pacific Terminal R. of New Orleans v. Welsh, 179 F.2d 880 (5th Cir.1950); Patin v. DeStevens, 415 So.2d 1011 (La.App. 4th Cir.1982). In order to adjudicate a matter fairly, the tidal court is well within the scope of its duty when it initiates questions from the bench. La. C.C.P. art. 1631; Midyett v. Midyett, 32,208, (La.App. 2nd Cir.9/22/99), 744 So.2d 669; LaPierre v. Gibson, 420 So.2d 990 (La.App. 4th Cir.1982), writ denied, 423 So.2d 1150 (La.1982); Williams v. Western Preferred Casualty Insurance Company, 465 So.2d 191 (La.App. 3rd Cir.1985). As noted by the Third Circuit in Williams:
[I]n a bench trial, as in this one, the dangers inherent in questions from the bench are greatly mitigated because there is no jury to confuse or mislead. The trial judge was merely enabling himself to better understand the crucial testimony of the claimant.
From our review of the record it is clear that the trial judge did not abuse her discretion when she questioned Crowell and refused to allow further questioning by Plaintiffs counsel. The trial court only asked one question regarding Crowell’s knowledge of the Plaintiffs use of alcohol and drugs. She asked the question in an impartial manner to clarify information. Nothing new was added by the testimony because other witnesses testified regarding the Plaintiffs use of alcohol, drugs and cigarettes. No objection was made by Plaintiffs counsel to the trial court’s question. Moreover, we find that the matters covered during the trial court’s questioning were not of primary importance to the issues of the case (i.e., proof of the Defendant’s sexual and/or physical abuse of his children). We also note that throughout the hearing the trial court frequently asked questions of witnesses for clarification. The Plaintiff does not address what, if anything, would have been presented had she been allowed to cross examine Crowell or how she was prejudiced by her inability to do so. We find that the Plaintiffs contention that the trial court erred and abused its discretion in questioning Crowell and refusing to allow her to again cross examine the witness is without merit.
Finally, the Plaintiff argues that the trial court erred in its ultimate ruling, awarding custody of the two children to the Defendant, because the- record does not support the finding.that this placement is in the best interest of the children. Basically, the Plaintiff is arguing that the trial court erred in its two main factual *990 findings, (1) that she was a perpetrator of family violence, and (2) that the | fiDefendant is not a perpetrator of family violence or sexual abuse towards his children.
It is well settled that factual determinations of the trier of fact may not be reversed absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a trial court’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust, 01-2217 (La.4/3/02), 816 So.2d 270.
In every custody case, the primary concern is the best interest of the child. Ainsworth v. Ainsworth, 03-535 (La.App. 5th Cir.9/30/03), 857 So.2d 1207. Each case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the child. Pizzolato v. Hihar, 02-53 (La.App. 5th Cir.6/26/02), 822 So.2d 835. The determination of what is in the best interest of the child is within the exclusive province of the trial court, and will not be disturbed absent an abuse of discretion. Anderson v. Anderson, 01-53 (La.App. 5th Cir.5/30/01), 788 So.2d 676.
Upon review of this lengthy and fragmented record, we find neither that the trial court was manifestly erroneous in her factual determinations nor that she abused her vast discretion in granting custody of the two children to the Defendant. Any evidence of the Defendant’s sexual deviance was circumstantial at best and simply did not rise to the level of proof required to establish sexual abuse of hisjjchildren.[1] Although sexual abuse allegations were made to the Department of Social Services and the Jefferson Parish Sheriffs Office, no evidence was presented showing that the allegations were found to have merit. To the contrary, the evidence establishes that the Department of Social Services’ records were sealed, which is done, according to statute, where such a report is found to be “unjustified or apparently improbable.” Further, both children, one 16 years old and the other 9, testified and denied that their father sexually or physically abused them in any way.
What is clear from this record is the deeply troubled nature of this entire fami *991 ly. We note and commend the trial judge on her following observations:
This is clearly a family in crisis. These parents need extensive counseling. The counseling should address Ms. Ledet’s family history and her substance abuse issues that are [sic] violent behavior. She must also receive counseling to focus on how to parent her children. Mr. Ledet must receive counseling to address his issue of substance abuse, and the reason he made this videotape. He must also receive counseling to focus on how to parent his children. The children are to receive counseling on a regular and ongoing basis. The Court will allow Julie Cringres [sic] to complete the evaluation and make recommendations for treatment. The parties will return to court to receive orders as to specific therapists and the frequency of counseling.
The trial court granted custody to the Defendant, conditioned upon his living with his sister, and specified visitation for the Plaintiff. Considering the entire record, we find no abuse of the trial court’s discretion in reaching this custody | ^determination nor do we find that the best interests of the children are not served by the judgment.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court, awarding custody of the two minor children to the Defendant, conditioned upon his living with his sister, specifying visitation for the Plaintiff, and most importantly, counseling for him. Costs of appeal are to be paid by the Plaintiff.

AFFIRMED.

. The Plaintiff presented evidence that the Defendant cut a hole in the bathroom ceiling so that he could spy on the children while they bathed. The Defendant testified that the heater in the bathroom broke and he was installing a new combination heater, fan and light in the bathroom ceiling. The Plaintiff also presented evidence that there was a hole in the linen closet that went through to the room of her older daughter by another marriage. ' The Defendant testified that he knew nothing of the hole except that his step daughter had kicked open the door to her room and the door knob had broken the sheet rock. The pictures indicated that the hole was not in a location where someone could easily see into the bedroom, but the Plaintiff suggested that perhaps video equipment was used. Finally, a video made by the Defendant, using a picture of his step daughter and implying sexual conduct, was introduced. The Defendant admitted to making the video and leaving it out on purpose for his wife to find to get her back after she had accused him of inappropriate sexual conduct with the children.