# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-940

SHANNON CRAMER

VERSUS

MARK TUTTLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18060
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Michael G. Sullivan and Shannon James Gremillion, Judges.

**AFFIRMED.**

**Michael R. Garber**
**Post Office Box 597**
**Lake Charles, LA   70602**
**(337) 494-5500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Mark Tuttle**

**Benji J. Istre**
**1038 Sam Houston Jones Parkway**
**Moss Bluff, LA   70612-2576**
**(337) 855-0353**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Shannon Cramer**

AMY, Judge.

A Texas court named the parties joint managing conservators of their minor child and permitted the plaintiff to establish the child's domicile. However, the plaintiff was enjoined from moving from an address in Cameron Parish without the permission of the defendant or an order of the court. After the plaintiff and the child moved to another location within the parish in 2007, the plaintiff filed a petition to dissolve permanent injunction and a rule to increase child support in Cameron Parish. She also sought modifications to the visitation arrangement. The defendant filed exceptions of lack of subject matter jurisdiction and no right of action, asserting that the Texas court had jurisdiction. The trial court denied the exceptions. The defendant appeals. We affirm.

**Factual and Procedural Background**

An October 7, 2004 order of a Texas District Court modified the physical custody schedule of the minor child of the plaintiff, Shannon Kristine Cramer, and the defendant, Mark Elliott Tuttle. Ms. Cramer had previously been designated as the party permitted to establish the child's domicile. The October 2004 order further permanently enjoined Ms. Cramer from moving the child from her address in Cameron, Louisiana "without agreement by the parties hereto, or further order of this Court." The order provided, however, that she could "move back to Harris or Montgomery County, without permission of the parties, or further Order of this Court."

Ms. Cramer filed a Petition to Dissolve Permanent Injunction and Rule to Increase Child Support in Cameron Parish on August 7, 2007. She alleged that the Louisiana court had jurisdiction of the matter pursuant to the Louisiana Uniform Child Custody Jurisdiction Law (UCCJL), La.R.S. 13:1700. Ms. Cramer asserted that

circumstances had changed since the Texas court rendered its October 2004 order, insofar as the owners of the designated property in Cameron Parish were required to sell the home due to Hurricane Rita. She also alleged that the three-bedroom house could no longer accommodate her family due to her remarriage. She requested to move to a home located four miles from the address designated in the Texas order and alleged that Mr. Tuttle refused to give permission for the move as required by the Texas order. Therefore, she requested an order permitting her to move and declaring the permanent injunction of the Texas order null and void. Finally, in this and a later amended petition, Ms. Cramer sought an increase in Mr. Tuttle's child support obligation, modification of the visitation schedule, and damages associated with Mr. Tuttle's alleged failure to maintain health insurance for the child.

Mr. Tuttle filed exceptions of no right of action and lack of subject matter jurisdiction, questioning the filing of the petition in Louisiana. Mr. Tuttle also filed an Application to Enjoin Further Proceedings in Subsequent Suit in Texas, asserting that the Texas court maintained exclusive, continuing jurisdiction over the matter. He requested the issuance of a temporary and permanent injunction, enjoining Ms. Cramer from proceeding in Cameron Parish. As evidenced by a communication from the Texas court to the Cameron Parish court, which was entered into evidence, the Texas court did not set a hearing on Mr. Tuttle's filing and was awaiting the outcome of the Cameron Parish proceedings.

When the court in Cameron Parish heard the exceptions, Mr. Tuttle argued that the Parental Kidnaping Prevention Act (PKPA), 28 U.S.C. § 1738A, precluded the Louisiana court from exercising jurisdiction. Ms. Cramer contended that the PKPA is inapplicable and that, instead, the matter was controlled by the UCCJL. The trial

2

court denied the exceptions, rejecting the contention that the PKPA retained jurisdiction in the Texas court.[1] Mr. Tuttle appeals.

## Discussion

In his sole assignment of error, Mr. Tuttle again asserts that the PKPA retains exclusive, continuing jurisdiction in the Texas court. Citing *Shamp v. Jezek*, 02-1346 (La.App. 1 Cir. 11/8/02), 836 So.2d 185, Mr. Tuttle asserts that this federal statute preempts the UCCJL in the event of concurrent jurisdiction.

According to La.R.S. 13:1702, as it existed at the time the petition in this case was filed[2], jurisdiction under the UCCJL is set forth, in pertinent part, as:

A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state (i) is the home state of the child at the time of commencement of the proceeding . . . or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the

[1] In ruling on the exceptions, the trial court stated:

The PKPA is designed to deter persons from taking children across state lines to defeat the jurisdiction of the court. That hasn't occurred here at all. The move across the state lines could have been attacked in Texas as a move to defeat the custody of the Court, but it - - when Texas looked at it, it saw that the move was made for reasons other than that, and there were proceedings in Texas recognizing that the child resided in Louisiana, which is a tacit approval by the Texas courts and an acquiescence by Mr. Tuttle. Six months after that point, Louisiana's clearly the home state, and so the Court feels that Louisiana is the home state and has now acquired jurisdiction over questions of custody and all incidences and matters such as visitation and support and et cetera. So that's the ruling of the Court.

[2] The UCCJL has since been repealed by 2006 La. Acts, No. 882, § 1, which also enacted the Uniform Child Custody Jurisdiction and Enforcement Act. *See* La.R.S. 13:1801. The Act became effective on August 15, 2007, and provided that: "A motion or other request for relief made in a child custody proceeding or to enforce a child custody determination which was commenced before the effective date of this Act is governed by the law in effect at the time the motion or request was filed." Ms. Cramer's petition was filed on August 7, 2007. Accordingly, the application of La.R.S. 13:700 is mandated and all references to sections of the UCCJL in this opinion are to the versions of the statute in effect at the action was commenced.

child's present or future care, protection, training, and personal relationships[.]

"Home state" as used in La.R.S. 13:1701(5) is defined as:

> [T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

La.R.S. 13:1701(A).

As explained in *Stelluto v. Stelluto*, 05-0074 (La. 6/29/05), 914 So.2d 34, the UCCJL serves as an additional consideration in a trial court's inquiry as to jurisdiction in custody cases. The first consideration is whether a court has general subject matter jurisdiction as provided by the Louisiana Constitution or by legislation. *Id.* Even if a court may have general subject matter jurisdiction, it may be required to decline to exercise it in certain circumstances in order to promote the UCCJL's stated purposes. *Id. See* La.R.S. 13:1700(A).[3] Included in the general purposes set

---

[3] Louisiana Revised Statutes 13:1700 provided:

A.    The general purposes of this part are to:

(1)    Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

(2)    Promote cooperation with the courts other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child.

(3)    Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

(4)    Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

forth for the UCCJL are avoidance of jurisdictional competition, ensuring that

custody litigation is held in the state with the closest connection to the child and

where evidence is located. *Id.* Additionally, the UCCJL is intended to deter

abductions and promote cooperation with other states. *Id.*

The supreme court further instructed that:

> [A]lthough the UCCJL analysis is technically relevant to a court's subject matter jurisdiction, the choice of the optimum jurisdiction to resolve custody battles under the UCCJL focuses on the strength of connections between the child and the competing states, more akin to a personal jurisdiction analysis. *Amin* [v. *Bakhaty*, 01-1967, (La. 10/16/01), 798 So.2d 75] at 80-81. Because of this focus, this court has rejected the notion that the UCCJL requires deference to the "home state" in every case. *Id.* at 82 (citing *Revere* [v. *Revere*, 389 So.2d 1277, 1279-80 (La.1980)]. Rather, jurisdiction may exist concurrently in two different states under the home state and significant connection standards. Where two states possess concurrent jurisdiction, this court has directed that the forum conduct "a comparative determination regarding which jurisdiction will serve the best interests of the child." *Id.* at 83. This determination of the child's best interest is well within the exclusive province of the trial court, and will not be disturbed absent an abuse of discretion. *Anderson v. Anderson*, 01-53 (La.3/29/05), 788 So.2d 676.

*Stelluto*, 914 So.2d at 40.

 In this case, La.R.S. 13:7101(5) designates Louisiana as the child's home state

as she has resided with her mother in Louisiana since 2004, greater than the six

---

(5)     Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

(6)     Avoid relitigation of custody decisions of other states in this state insofar as feasible.

(7)     Facilitate the enforcement of custody decrees of other states.

(8)     Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child, and

(9)     Make uniform the law of those states which enact it.

B.     This part shall be construed to promote the general purposes stated in this Section.

5

months required by the provision. With Louisiana designated as the home state in the definition, La.R.S. 13:1702(A)(1) further indicates that Louisiana is a court of competent jurisdiction to render a modification decree as Louisiana was "the home state of the child at the time of commencement of the proceeding[.]" Furthermore, in light of the facts presented, it is clear that Paragraph (A)(2) also supports the trial court's decision as the child and Ms. Cramer have a significant connection with Louisiana and evidence regarding the child's care since 2004 would be present in the state. The facts presented do not indicate similarly significant connections with Texas. Thus, there is not the concurrent jurisdiction issue addressed in *Stelluto.* The trial court was within its discretion in determining that subject matter jurisdiction rested within Louisiana for the modification sought.

Neither did the trial court err in rejecting Mr. Tuttle's contention that the PKPA preempts the Louisiana claim and maintains jurisdiction in Texas. 28 U.S.C. § 1738A provides:

**(a)** The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.

**(b)** As used in this section, the term -

. . . .

**(3)** "custody determination" means a judgment, decree, or other order of a court providing for the custody of a child, and includes permanent and temporary orders, and initial orders and modifications;

**(4)** "home State" means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the

6

child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period;

**(5)** "modification" and "modify" refer to a custody or visitation determination which modifies, replaces, or supercedes, or otherwise is made subsequent to, a prior custody or visitation determination concerning the same child, whether made by the same court or not;

. . . .

**(c)** A child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if -

**(1)** such court has jurisdiction under the law of such State; and

**(2)** one of the following conditions is met;

**(A)** such State

**(i)** is the home State of the child on the date of the commencement of the proceeding, or

. . . .

**(d)** The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

. . . .

**(f)** A court of a State may modify a determination of the custody of the same child made by a court of another State, if -

**(1)** it has jurisdiction to make such a child custody determination; and

**(2)** the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

**(g)** A court of a State shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during the

7

pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody or visitation determination.

**(h)** A court of a State may not modify a visitation determination made by a court of another State unless the court of the other State no longer has jurisdiction to modify such determination or has declined to exercise jurisdiction to modify such determination.

As with the UCCJL, Louisiana is the home state of the child under the PKPA given the child's residence in this state in excess of six months. *See* 28 U.S.C. § 1738A(b)(4). Further, the custody determination rendered by the Louisiana court is consistent with the provisions of the PKPA as the court had jurisdiction under the law of the state, i.e., under the UCCJL, *and* Louisiana was the child's home state on the date of the commencement of the proceedings. *See* 28 U.S.C. § 1738A(c)(1)-(2).

Finally, 28 U.S.C. § 1738A(a) dictates that a State shall not modify a custody determination of another State "except as provided in subsection (f), (g), and (h)." These subsections require consideration of both the jurisdiction of the reviewing state and that of the original court issuing a custody determination. Again, as Louisiana is the home state of the minor child and she continues to reside in the state, it is clear that Louisiana has jurisdiction. Conversely, no evidence indicates that Texas retains jurisdiction. In fact, the Texas order at issue expressly anticipated that the child could reside in Louisiana. Finally, and in consideration of subsection (g), no court of another State is exercising jurisdiction consistently with the provisions of § 1738A in making a custody/visitation determination. Instead, the record indicates that, although Mr. Tuttle filed a motion for enforcement and application for temporary restraining order in Texas and that it remained pending, the Texas court declined to set a hearing on the motion and was waiting for the outcome of the Louisiana ruling.

8

Thus, it cannot be said that Texas was exercising its jurisdiction in making a custody determination.

In light of the terms of both statutory provisions at issue and the facts of this case, we find that the trial court did not err in denying the exceptions of lack of subject matter jurisdiction and no right of action.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellant, Mark Elliott Tuttle.

**AFFIRMED.**