STEPHEN J. WINDHORST, Judge.
12Appellant, Warren Mockbee, Jr., seeks review of the trial court’s denial of his motion for change of custody.[1] For the reasons that follow, we affirm.
In his three assignments of error, Mr. Mockbee contends that the trial court erred in finding that there was no change of circumstances since the prior consent judgment; in not finding that it was in the best interest of the child to change custody; and by not giving enough weight to the preference of the child to live with his father.
Warren Mockbee and Melissa Moekbee-Smith were divorced several years ago and the parties entered into a child custody consent judgment on March 6, 2009, wherein the parties agreed to joint shared custody of the minor children.[2] On June 13, 2013, Mr. Mockbee filed a motion for change of custody. Mr. Mockbee argued that the parties should be granted joint custody of the minor child with Mr. Mock-bee designated as the primary domiciliary parent, subject to visitation in favor of Mrs. Smith.
*103 |aMr. Mockbee contends that there has been a substantial change in circumstances since the original consent decree. He claims that three substantial changes occurred: 1) Mrs. Smith moved from her home in LaPlace to reside with Tim Smith in Metairie; 2) Mrs. Smith married Tim Smith; and 3) Mrs. Smith had a child with Tim Smith. Also, when the original custody decree was entered, the minor child was younger and the minor child was 14 years old at time of the hearing. Additionally, the minor child expressed difficulties with his stepdad, Mr. Smith. Mr. Mock-bee contends that Mr. Smith forced the minor child to cut the grass shortly after he broke his right arm and his arm was still in a cast; forced the minor child to perform chores late at night or while with friends; or called him away from friends to do chores.
An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error. Rodriguez v. Wyatt, 11-82 (La.App. 5 Cir. 12/12/11), 102 So.3d 109, 113-114, citing Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, 735. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Silbemagel v. Silbemagel, 06-879 (La.App. 5 Cir. 4/11/07), 958 So.2d 13, 17, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Ledet v. Ledet, 04-509 (La.App. 5 Cir. 3/29/05), 900 So.2d 986, 990.
Every child custody case must be viewed within its own peculiar set of facts. McCaffery v. McCaffery, 13-692 (La.App. 5 Cir. 4/9/14), 140 So.3d 105, 116; Rodriguez, 102 So.3d at 114. The primary concern in a custody case is the best interest of the child. La. C.C. art. 131; Ledet, 900 So.2d at 990.- The determination of what is the best interest of the child is within the exclusive province of the trial court, and will not be disturbed absent an abuse of discretion. Id., Thus, a trial |4court’s determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. McCaffery, 140 So.3d at 116; Silbemagel, 958 So.2d at 17.
A considered decree is an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody, and control of children. Silbernagel v. Silbernagel, 10-267 (La.App. 5 Cir. 5/10/11), 65 So.3d 724, 728. Once a considered degree has been rendered, the proponent of the change bears the heavy burden of proving that a change in circumstances has occurred, such that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree, or that harm likely caused by a change of environment is substantially outweighed by its advantages to the child. Id., citing Bergeron v. Bergeron, 492 So.2d 1193,1200 (La.1986).
A consent decree is an award of custody in which no evidence of parental fitness is presented. Id. The heavy burden of proof enunciated in Bergeron does not apply. Id. A party seeking modification of a consent decree must prove that' there has been a material change of circumstances since the original custody decree was entered and that the modification is in the best interest of the child. Id. In determining if the modification is in the best interests of the child, the court must consider the relevant factors found in La. C.C. art. 134.[3]
*104 |sIn denying Mr. Mockbee’s motion to change custody, the trial court found that Mr. Mockbee failed to meet his burden of proof. The trial court also found that it is in the minor child’s best interest to continue the current custody plan after consideration of the factors found in La. C.C. art. 134. The trial court further found that although both parties have made changes in their lives subsequent to the original custody agreement, these changes do not warrant a change in custody. Moreover, the trial court stated:
A very salient point in my mind came out of Brandon’s mouth, that Mr. Mock-bee is a very good friend to him, but Mrs. Mockbee [Mrs. Smith] was a full-time parent. Sometimes parents have to be much more than a friend. They have to say things sometimes that is [sic] hard to say that may seemingly hurt the child, but it will pay off later. A parent sometimes has to look out for what is best for the child and not best in the moment.
After a thorough review of the record, we find that the trial court did not commit manifest error or abuse its discretion in determining that Mr. Mockbee did not establish a material change of circumstances or that the best interest of child would justify a change in the custodial arrangement.
For the reasons stated above, we affirm the trial court’s denial of the motion to change custody.
AFFIRMED.

. Mr. Mockbee filed a “Motion for Change in Custody and Child Support and Other Relief." Custody is the only issue before this Court.

. The oldest child has reached the age of majority.

. La. C.C. art. 134 Factors in determining child’s best interest:
*104 (1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived' in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.