415 So.2d 1011 (1982)
David PATIN
v.
Darren DeSTEVENS, Joseph De Stefano, d/b/a De Stefano and Son, Inc. and Fireman's Insurance Company.
No. 12967.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
*1012 Yada Magee, New Orleans, for plaintiff-appellee.
Owen W. Joyner, Metairie, for defendants-appellants.
Before WARD, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from a default judgment entered against Darren DeStevens for $1,860.67. Mr. DeStevens was served personally with a Petition For Damages, but failed to file an answer. The defendant's employer, Joseph DeStefano, and his insuror, Fireman's Fund Insurance Co., were likewise served; however, an answer was filed on their behalf. Prior to confirming a default against DeStevens and the filing of an answer by the other defendants, a Motion for Extension of Time was filed on behalf of all defendants. Defendant alleges two errors on appeal, the first being that the trial court judge erred in taking too active a role in assisting plaintiff in presenting his case, and the second being that the judgment is null because the plaintiff's attorney didn't bring the expired Motion for an Extension of Time to the attention of the judge.
We find no merit to the first specification of error. The trial judge is certainly within the scope of his duty when he asks questions from the bench in order to adjudicate a matter fairly. LSA-C.C.P. Art. 1631 states in part:
"The court has the power to require that the proceedings shall be conducted with dignity and in orderly and expeditious manner, and to control the proceedings at trial, so that justice is done."
In Texas Pacific-Missouri Pacific Terminal R. of New Orleans v. Welsh, 179 F.2d 880 (5th Cir. 1950) the court stated:
"As a general rule a trial Judge, in order to maintain that impartiality which proper trial technique demands, should be careful not only as to the number and type of questions propounded by him to witnesses but also to the manner in which they are propounded. The interrogation of witnesses by the trial Judge is by no means prohibited but often times it is necessary to the administration of justice in developing the truth and aiding the jury to understand the situation. The extent to which this may appropriately and reasonably be done is a matter which must rest largely in the sound and unabused discretion of the trial Judge." [Emphasis ours]
A careful reading of the record leads this court to the conclusion that the judge did not attempt to try plaintiff's case. He only did what could be expected of any competent judge in a default judgment proceeding, as he was merely trying to elicit facts which had been omitted, but were pertinent in deciding the case.
Likewise, we find no merit to appellant's second specification of error. The transcript reveals that the trial judge specifically asked to see the record prior to entering the judgment. The motion for *1013 Extention of Time to plead had expired; and, therefore, the judge acted properly in granting judgment against DeStevens having noted that no answer had been filed. We, therefore, affirm the lower court's ruling and assess all costs of this appeal to appellant.
AFFIRMED.