465 So.2d 191 (1985)
Larry WILLIAMS, Plaintiff-Appellee,
v.
WESTERN PREFERRED CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 84-244.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*192 Joseph Bradley Ortego of Young & Burson, Eunice, for defendant-appellant.
Alex D. Chapman, Jr., Ville Platte, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
Larry Williams, plaintiff-appellee, instituted this action against his employer's compensation insurer, Western Preferred Casualty Insurance Company, defendant-appellant, seeking workmen's compensation benefits for a back disability as well as statutory penalties and attorney's fees. The trial court ruled that Mr. Williams is entitled to compensation benefits for a temporary total back disability as well as $5,000.00 in attorney's fees and 12% interest or accrued benefits in statutory penalties. Western perfected this suspensive appeal.
At the time of Mr. Williams' accident he was employed by Oilfield Enterprizes as a board road laborer. On September 28, 1982, Mr. Williams injured his back when he backed into a hole while carrying a road board. On the same day, the claimant was brought to Dr. F. J. Derouen's office for medical treatment. Dr. Derouen, who often acted as Oilfield's company physician, said that he found no objective evidence of neurological damage and detected only a lumbosacral strain. After a second examination a week later, Dr. Derouen arrived at the same diagnosis. Mr. Williams again consulted with Dr. Derouen on November 29, 1982 with continued complaints of back pain but once again Dr. Derouen found no objective evidence of a back injury to cause this pain. Dr. Derouen accordingly discharged Mr. Williams with the recommendation to return to work. Workmen's Compensation *193 benefits were terminated after the discharge by Dr. Derouen.
After seeing Dr. Derouen twice, but prior to his discharge, the claimant visited his family physician, Dr. John Tassin, on October 15, 1982. After this initial examination, Dr. Tassin referred the claimant to Dr. Frank Anders, who is an orthopedic specialist. On November 10, 1982, the claimant went to Dr. Anders' office and consulted with Dr. Michael Beard in Dr. Anders' absence. The claimant was then examined and treated by Dr. Anders. After two consultations which involved a myelogram and a lumbar CT scan, Dr. Anders was of the opinion that the claimant suffered from a ruptured lumbar disc which would require surgical intervention.
It should be noted that by a letter dated October 20, 1982, a claims adjuster for the defendant-appellant, advised the claimant that if he sought the counsel of another physician, the compensation payments would be terminated. As it turned out, this attempt to dissuade Mr. Williams from seeking other medical opinions failed and the compensation payments were terminated on the basis of a report issued by Dr. Derouen which said that the claimant was discharged without limitation. The claimant's file was reviewed by a Dr. Gaar at the request of the defendant who also stated that there was no objective evidence of serious back problems.
After a trial was conducted on the matter, the trial court rendered a judgment holding that the claimant was entitled to temporary and total disability compensation. In addition, the trial court awarded the claimant $5,000 in attorney's fees and penalties of 12% on all compensation payments accrued until the date of the trial because it held that Western was arbitrary and capricious in terminating the claimant's benefits as well as seeking to coerce the claimant into using a physician known to be favorable to the defendant.
The defendant perfected this suspensive appeal in which it assigned the following errors by the trial court: 1) the trial court erred in awarding benefits because the plaintiff failed to prove by a preponderance of the evidence that he had sustained a disabling injury; 2) the trial court erred in interfering with the defendant's cross-examination of the plaintiff and in correcting the plaintiff when the court felt that his testimony was inconsistent; 3) the trial court erred in finding the defendant arbitrary and capricious and in awarding penalties and attorney's fees in light of a clear conflict in medical evidence.
In a workmen's compensation case, the claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Bordelon v. Ranger Ins. Co., 413 So.2d 962 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 448 (La.1982); Gallien v. Supreme Contractors, Inc., 448 So.2d 871 (La.App. 3rd Cir.1984). The appellant contends that the claimant did not preponderantly prove that he was disabled by his accident on September 20, 1982. In support of this contention, the appellant cites the testimony of Dr. Derouen and Dr. Gaar which was of the opinion that there was no objective evidence of a lumbar disc injury. Furthermore, the appellant argues that the opinion of Dr. Anders that the claimant is disabled is based on the interpretation of subjective complaints made by the claimant. The appellant thereby argues that the claimant's lack of credibility renders his favorable evidence unworthy of consideration leaving only unfavorable testimony for consideration.
The trial court, in its written reasons for judgment, specifically relied on Dr. Anders' diagnosis of disability based on the study of comparative CT scans taken prior to the accident and after the accident. The court justified this reliance on the principle that the testimony of the treating specialist, Dr. Anders, is to be given greater weight than the testimony of Dr. Gaar, who merely reviewed the case, and Dr. Derouen, who is a general practitioner. Thibodeaux v. Dresser Industries, Inc., 407 So.2d 37 (La.App. 3rd Cir.1981). The trial court's reliance on this principle and Dr. Anders' testimony was justified. Although *194 a myelogram was negative in finding serious back problems, Dr. Anders, who treated the claimant before for back problems, is familiar with the claimant's condition and, after a comparative study of CT scans of the plaintiff's back, concluded that the claimant suffered from a ruptured lumbar disc and was in fact disabled.
In addition to this evidence, the trial judge reviewed the extensive testimony of the claimant. In spite of the claimant's confusion on cross-examination regarding previous back injuries, the trial court was apparently satisfied with the claimant's sincerity in his complaints about his most recent injury. On appellate review, the trial court's factual findings with regard to the issue of disability are entitled to great weight and will not be disturbed absent clear error. Culp v. Belden Corp., 432 So.2d 847 (La.1983). After reviewing the record we conclude that the trial court had a reasonable factual basis for its holding on the issue of disability and that no clear error was made concerning this issue. Therefore, we hold that the trial court was not clearly wrong in concluding that the claimant is temporarily totally disabled as defined by LSA-R.S. 23:1221(1).
The appellant's next assignment of error concerns the trial court's intervention in the appellant's cross-examination of the claimant. During the cross-examination of the claimant at the trial, the claimant apparently became confused about which back injury the defense counsel was asking. The trial judge interrupted the cross-examination in order to insure that the witness knew the details of the questions posed to him by the defense counsel. Subsequent to this exchange, the trial court again intervened when it became apparent that the claimant was confused as to which doctor the defense counsel was referring to. The confusion was cleared up by the trial judge and then the defense counsel proceeded to elicit the response he desired concerning the claimant's failure to keep an appointment with a psychologist. The appellant contends these interventions by the trial court sufficiently prejudiced his case to warrant a reversal. In effect, the appellant argues that he was deprived of his right to a fair cross-examination.
In order to adjudicate a matter fairly, the trial court is well within the scope of its duty when it initiates questions from the bench. LSA C.C.P. art. 1631, LaPierre v. Gibson, 420 So.2d 990 (La.App. 4th Cir.1982), writ denied 423 So.2d 1150 (La.1982). The extent to which such an examination may be appropriately conducted rests largely in the sound and unabused discretion of the trial judge. Patin v. DeStevens, 415 So.2d 1011 (La.App. 4th Cir. 1982); Henry v. Pitre Ford Co., 442 So.2d 1338 (La.App. 3rd Cir.1983). From our review of the record it is clear that the trial judge did not abuse his discretion when he intervened in the cross-examination of the plaintiff. In each instance the defendant was able to elicit the desired response after the confusion was eliminated. Also, the matter being covered during the interventions were not of pressing importance to the germane issues of the case (i.e., the claimant's current disability). Furthermore, it should be noted that in a bench trial, as in this one, the dangers inherent in questions from the bench are greatly mitigated because there is no jury to confuse or mislead. The trial judge was merely enabling himself to better understand the crucial testimony of the claimant. The appellant's contention that the trial judge deprived him of effective cross-examination is without merit.
The appellant's third assignment of error concerns statutory penalties and attorney's fees. The trial court awarded the claimant 12% on all due compensation payments and $5,000 in attorney's fees for the refusal by the defendant to allow the plaintiff to see Dr. Tassin for treatment. In addition, the trial court based this award on the termination of benefits after receiving medical reports from Dr. Anders which conflicted with the report of Dr. Derouen. The appellant contends that the trial court was manifestly erroneous in finding the defendant's conduct capricious and arbitrary because it had conflicting medical reports. Furthermore, *195 the appellant contends that the claimant was not disallowed from seeking his own medical treatment but that the defendant merely wanted to conclude the treatment of Dr. Derouen before additional medical treatment was sought.
In Johnston v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984) the La. Supreme Court summarized the law concerning penalties and attorney's fees in workmen's compensation cases:
[6-8] An insurer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La., 1983). If, subsequent to an initial optimistic report, an insurer receives medical information indicating continuing disability, the insurer may not blindly rely upon the earlier report to avoid penalties for arbitrary nonpayment of compensation benefits. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La., 1976). Penalties and attorneys' fees are awarded when an insurer discontinues compensation benefits without probable cause. Guillory v. Travelers Insurance Co., 294 So.2d 215 (La., 1974).
In this case, subsequent to Dr. Derouen's optimistic report, the defendant received the report of Dr. Anders which indicated a continuing disability but continued to refuse to reinstate the benefit payments on the basis of the original optimistic report. The appellant argues that the basis of its termination of benefits was conflicting medical information on the claimant and that an additional optimistic report was promptly obtained after receiving the report of Dr. Anders. The record indicates that this additional medical opinion was not obtained until late February of 1983. The procurement of this additional opinion was not prompt by any reasonable standard. Furthermore, the brevity of Dr. Derouen's report compared to the detailed report of Dr. Anders indicates that the defendant did indeed seek to blindly rely on an initial optimistic report as the basis for furnishing the claimant's benefits. Under these circumstances, conflicting medical opinions cannot be a legitimate basis for terminating workmen's compensation benefits.
Another justification for awarding the claimant attorney's fees and penalties was the defendant's apparent attempts to coerce the claimant into using a "company physician" rather than one of his own choosing. It is the duty of the employer to provide medical services. LSA-R.S. 23:1203. It is the right of the injured employee, not the employer to select the physician for treatment of his disabling condition. This is so because the trust and confidence needed in a patient-doctor relationship is important to successful treatment. The penalty provisions of LSA-R.S. 23:1201-2 are applicable where an employer wrongly denies medical claims. Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3rd Cir.1982).
The claims adjuster testified that the reason for the termination of benefits was the abandonment of treatment by the claimant. This relates back to the letter dated October 20, 1982, sent by the defendant to the claimant, which advised the claimant that if he sought additional medical treatment, his benefits would be terminated. This letter constitutes an effort by the defendant to prevent the claimant from seeking his own medical treatment. The claimant nonetheless proceeded to get his own doctor's opinion and the defendant refused to reimburse the claimant for these medical expenses. Accordingly, the trial court had an additional basis for awarding penalties because the defendant failed to provide medical care. Comeaux, supra.
Whether an employee's refusal to pay workmen's compensation benefits is arbitrary, capricious and without probable cause, is a question of fact which will not be disturbed on appeal absent clear error. Odom v. Dixie Tie and Timber Co., 458 So.2d 561 (La.App. 3rd Cir.1984). From our review of the record the trial court was not clearly wrong in finding that the defendant's termination of the claimant's benefits was without probable cause and that *196 the defendant failed to provide adequate medical care.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be borne by the defendant-appellant.
AFFIRMED.