CLARENCE E. McMANUS, Judge.
| gWarren Anderson appeals the trial court’s judgment denying his request to decrease child support and granting his request to decrease interim spousal support by $674.00. For the reasons which follow, we affirm the judgment of the trial court.

*1280
STATEMENT OF THE CASE

Warren and Anne Anderson were married and had three children. Ms. Anderson filed a petition for divorce on March 30, 2009. In her petition, Ms. Anderson sought spousal support and child support. Mr. Anderson filed an answer and reconventional demand on April 21, 2009. On May 7, 2009, the parties went before a hearing officer to determine child support. The hearing officer recommended Mr. Anderson pay $2,404.00 per month in child support, health insurance for the children, uncovered medical expenses, private school tuition, registration fees and mandatory school fees. Mr. Anderson did not file an objection to this recommendation, however, Ms. Anderson did file an objection.
On May 18, 2009, the hearing officer issued additional recommendations including a recommendation that Mr. Anderson also pay for dance and music lessons for the children. The hearing officer also calculated child support based on a gross monthly income for Mr. Anderson of $12,429.00 per month and a gross |Rmonthly income of $0.00 for Ms. Anderson. At the time, Ms. Anderson was unemployed and the domiciliary parent with a child under the age of 5. Mr. Anderson was employed as a nurse anesthetist. The hearing officer recommended that Mr. Anderson pay Ms. Anderson interim spousal support of $3,025.00 per month. Mr. Anderson objected to these recommendations and argued that after he paid child support and child expenses, he had no remaining money to also pay the interim spousal support.
On September 4, 2009, Mr. Anderson filed a rule to reduce interim spousal support and child support alleging a change in his circumstances since he had lost his employment due to a relapse in drug abuse. Mr. Anderson was employed as a nurse anesthetist in Alabama and as a result of his drug use, his license was suspended.
On January 21, 2010, the hearing officer recommended a decrease in interim spousal support from $3,025.00 to the amount of the monthly mortgage on the community home. The hearing officer recommended denying the request to decrease child support because Mr. Anderson was voluntarily unemployed. On February 25, 2010, the parties executed a consent judgment, which was signed by the Court on April 19, 2010, in which Mr. Anderson agreed to pay the reduced amount of interim spousal support of $2,650.00 per month.
In April 2010, Mr. Anderson became employed as a nurse earning $24.00 per hour and the youngest child turned 5 years old. On August 12, 2010, Mr. Anderson filed a rule to reduce child support and interim spousal support based on his reduction in income and arguing that some income should be imputed to Ms. Anderson since they no longer had children under 5 years of age. These matters were heard before the hearing officer on November 12, 2010. The hearing officer recommended that the motion to terminate or reduce interim spousal support be |4 gran ted and spousal support should be reduced to $1,976.00 per month to reflect $674.00 per month Ms. Anderson was receiving in social security benefits. The hearing officer further recommended that the motion to reduce child support be denied because Mr. Anderson had failed to show a change in circumstances and the issue of his job loss due to substance abuse had been previously raised and denied. Further, the hearing officer recommended that no income be attributed to Ms. Anderson because she was disabled and her disability benefits are not income for the calculation of child support. The hearing officer also recommended that Ms. Anderson submit *1281 to a vocational rehabilitation expert, that the change in terms of drug testing for Mr. Anderson be granted, and the motion to modify visitation be granted to allow supervised visitation for Mr. Anderson every other weekend.
On November 17, 2010, Mr. Anderson filed an objection to the hearing officer’s recommendations. A hearing was held before the trial court on January 6, 2011 and the trial court issued a judgment January 12, 2011. The trial court denied Mr. Anderson’s request to decrease child support. The trial court did grant his request to decrease interim spousal support and decreased the monthly amount by $674.00, which represented the amount of social security disability Ms. Anderson was receiving monthly. The trial court also denied Mr. Anderson’s request for unsupervised travel with the children and ordered that Mr. Anderson be drug tested until the drug test was resumed by the Alabama Board of Nursing.
Mr. Anderson now appeals this judgment arguing the trial court erred in denying his motion to decrease child support and by only decreasing his interim spousal support by $674.00. For the reasons which follow, we affirm the trial court’s judgment.

\ .DISCUSSION

On appeal, Mr. Anderson argues that the trial court erred in denying his motion to decrease child support and in only decreasing his interim spousal support by $674.00. He argues he is not voluntarily underemployed, therefore, the actual income he is earning as a nurse, $24.00 per hour, should have been used to determine that his monthly income is $4,160.00 per month and not $12,429.00. He also argues that the trial court should have imputed more income to Ms. Anderson because she is able to work and is voluntarily unemployed. And finally, Mr. Anderson argues on appeal that the trial court should have included all sources of income that Ms. Anderson received, even money received from her parents, in calculating her income.
In order to determine the correct amount of interim spousal support and child support, we must first determine whether or not the trial court applied the correct amount of income to both Ms. Anderson and Mr. Anderson. First, the trial court determined child support and spousal support using Mr. Anderson’s income as a nurse anesthetist of $12,429.00 per month, and not his income as a nurse of $4,160.00 per month. Thus, the court determined Mr. Anderson is voluntarily underemployed.
LSA-R.S. 9:315(C)(6)(b) provides that for child support calculations, income includes the potential income of a party that is voluntarily unemployed or underemployed. LSA-R.S. 9:315.11(A) provides that if a party is voluntarily underemployed, child support shall be calculated based on a determination of income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. Whether a party is voluntarily underemployed with respect to calculating child support is a question of good faith of the party to be cast with paying the child support obligation. |6Saacks v. Saacks, 05-365 (La.App. 5 Cir. 9/26/06), 942 So.2d 1130, Stephenson v. Stephenson, 37,323 (La.App. 2 Cir. 5/14/03), 847 So.2d 175. Voluntary underemployment is a fact-driven consideration. The trial court has wide discretion in determining the credibility of witnesses and its factual determination will not be disturbed on appeal absent a showing of manifest error. Saacks, supra, Schuler v. Schuler, 04-91 (LaApp. 5 Cir. 5/26/04), 876 So.2d 196.
*1282 Mr. Anderson was employed as a nurse anesthetist and, in 2007, he was terminated and had his nursing license and anesthetist privileges suspended because of a drug abuse problem. Eventually, his nursing license and nurse anesthetist privileges were reinstated and he was employed with Tulane Medical Center earning a monthly income of $12,429.00. Mr. Anderson again lost his job and license as a nurse anesthetist when he took narcotics from the hospital and failed a drug test. The reason for Mr. Anderson’s job loss and inability to gain employment earning the same salary as he previously earned was his own actions of taking the narcotics from the hospital and failing the drug test. Thus, we find no reason to disturb the trial court’s finding that Mr. Anderson was voluntarily underemployed.
Further, Mr. Anderson entered into a consent judgment in February 2010 after he lost his employment as a nurse anesthetist. In this consent judgment, Mr. Anderson agreed to pay $2,650.00 per month in child support, which was based on his income as a nurse anesthetist. On appeal, Ms. Anderson correctly points out that when Mr. Anderson attempted to introduce evidence to the trial court regarding his current income as a nurse, she objected stating the issue of Mr. Anderson’s income had been previously ruled on. The trial court sustained the objection and stated it had ruled on these issues previously and was not going through his income again. Mr. Anderson did not object to the trial court’s ruling.
17Based on the above, we find the trial court did not err in applying Mr. Anderson’s $12,429.00 monthly income earned as a nurse anesthetist and finding him to be voluntarily underemployed.
Next, Mr. Anderson contends the trial court should have imputed income for the calculation of interim spousal support and child support to Ms. Anderson because she is voluntarily underemployed/unemployed. Ms. Anderson testified that she was found to be disabled by the Social Security Administration and she receives $674.00 per month in social security benefits. Thus, Ms. Anderson contends she is unable to work because of this disability. Mr. Anderson contends Ms. Anderson did not present proof at trial of her disability or of the amount received in SSI benefits every month. Mr. Anderson further argues that Ms. Anderson is able to gain employment because the youngest child is over the age of five years.
Ms. Anderson did testify at trial that she is receiving $674.00 per month in social security benefits because she is disabled. LSA-R.S. 9:315(C)(3)(d)(i) provides that gross income for the purposes of calculating child support does not include benefits received from public assistance programs including supplemental security income. Thus, Ms. Anderson’s social sécurity benefits are not to be included as gross income for the calculation of child support. Further, since she has been found to be disabled by the Social Security Administration and is receiving benefits, she is unable to work and thus, is not voluntarily unemployed, regardless of whether or not she has a child under the age of five years. Therefore, we find the trial court correctly attributed no income to Ms. Anderson for the calculation of child support and correctly attributed $674.00 in income for the calculation of interim spousal support.
|8Mr. Anderson further argues the trial court should have included funds deposited into Ms. Anderson’s bank account when calculating her income. Ms. Anderson testified at trial that these deposits were loans from her parents fox-expenses when Mr. Anderson failed to pay his monthly support. At the time she was receiving these payments, Mr. Anderson *1283 was in arrears for child support and interim spousal support. Ms. Anderson testified that she was receiving little money from Mr. Anderson for child support and no money for spousal support, therefore, she received these loans from her parents. She also testified that she was waiting on spousal support payments to make arrangements to pay back her parents.
LSA-R.S. 9:315(e)(3)(d)(iv) provides that a party’s gross income for the purposes of calculating child support does not include monetary gifts to the party when the objective of the gift is to supplement irregular child support payments. Thus, we find the trial court did not err in failing to include these loan amounts as income for Ms. Anderson.
Based on our findings that the trial court correctly attributed $12,429.00 monthly income to Mr. Anderson and $674.00 monthly income to Ms. Anderson for the calculation of interim spousal support, we also find the trial court correctly granted Mr. Anderson’s request to decrease interim spousal support. We find the trial court correctly reduced the previously consented to amount of $2,650.00 by the $674.00 per month Ms. Anderson receives in social security benefits, for an interim spousal support award of $1,976.00.
Finally, we also find the trial court correctly denied Mr. Anderson’s request to decrease child support. The previous child support amount was awarded based on Mr. Anderson’s monthly income of $12,429.00 per month. As discussed above, we find the trial court correctly found Mr. Anderson to be voluntarily ^^underemployed and correctly used Mr. Anderson’s $12,429.00 monthly income to calculate child support, and the trial court correctly attributed no income to Ms. Anderson for the calculation of child support. Thus, we find the trial court correctly denied Mr. Anderson’s request to decrease child support.
Accordingly, we affirm the trial court’s judgment denying Mr. Anderson’s request to decrease child support and granting Mr. Anderson’s request to decrease interim spousal support to $1,976.00.

AFFIRMED